■ PHYSICIANS' ONLINE, INC., Appellant-Respondent, v TERRILL H. BURNETT, Respondent-Appellant. [628 NYS2d 684] —Order, Supreme Court, New York County (Walter Schackman, J.), entered March 16, 1995, which granted plaintiff's motion for summary judgment on its sixth cause of action to the extent of declaring that defendant is entitled to $7,200, plus interest, upon delivering defendant's 1,440 shares of stock in plaintiff to plaintiff, unanimously modified, on the law, solely to the extent of granting plaintiff's motion for specific performance and compelling defendant to turn over said shares upon payment of the declared consideration, and otherwise affirmed, with costs and disbursements payable by defendant.

The plaintiff corporation Physicians' Online, Inc. (POL) is an

advertiser-supported online computer network for medical professionals. Doctors Mayaud and Greenberg formed POL in April 1992 and decided they needed a full time marketing and sales officer to prosper. Consequently, they entered into a shareholder agreement with defendant Burnett who, the complaint alleges, represented herself as a marketing expert in the health care field, having contacts with pharmaceutical companies who could buy space on POL's Computerized Information System. They also assert defendant claimed she had extensive operational and management experience with companies in the health care industry, that she would move to New York from California and would devote substantially all her time to POL business. Thus, the complaint alleges that defendant Burnett was sold 720 shares of stock at $10 a share (below the price at which the shares were sold to others), and a Shareholders' Agreement was entered in January 1993. Thereafter, the complaint alleges that defendant failed to move to New York and gave a completely inadequate marketing presentation of POL's Computerized Information System. The complaint further alleges that defendant Burnett did not devote adequate time, let alone substantially all her time, to POL business and had not been in contact with many pharmaceutical companies.

Plaintiff brought this action alleging material misrepresentations on the part of defendant, breach of the Shareholders' Agreement and breach of fiduciary duty, among other causes of action. *After* the commencement of this action, defendant began an action in Federal court in California instead of counterclaiming in this action. In her first claim in her Federal action, defendant alleged violations of section 12 of the Securities Act of 1933 (15 USC § 77 *l* [1]) and sought a return of the consideration that she paid for the POL shares, which she estimated at $1,000,000 (which included the value of her alleged services in developing POL). The court in California transferred the action to the District Court in the Southern District of New York, noting that Burnett did not explain why most of her claims could not be brought as counterclaims in this pending action. The Federal court also noted that her Federal claims appeared to be insubstantial.

Section 12 of the Securities Act of 1933 reads, in pertinent part, that a person who has purchased a security in a transaction that violates such section "may sue either at law or in equity in any court of competent jurisdiction * * * upon the tender of such security." (15 USC § 77 *l.*) The Second Circuit of the United States Court of Appeals has held in *Wigand v Flo-*

*Tek, Inc.* (609 F2d 1028) that an offer to tender shares is implicit in every demand for rescission made under this Act. Also, with respect to the issue of whether defendant Burnett tendered the stock when seeking the rescission, the Federal District Court that transferred Burnett's Federal action to the Southern District, presented with the evidence of POL's acceptance of Burnett's offer, stated: "the only issue that appears to remain is for the Court to fix a value on the consideration paid by Plaintiff [Burnett] for her shares of stock".

As noted by the IAS Court, paragraph 2 (b) of the Shareholders' Agreement provides that defendant is to purchase 720 shares at $10 per share, to be paid concurrently with the execution of the agreement. Nothing is said to the effect that the consideration includes prior services. There is a provision for payment to shareholder Mayaud of advances of expenses, but nothing as to prior services of defendant. Paragraph 20 provides that the document contains the entire agreement concerning the subject matter of the Shareholders' Agreement, supersedes all prior agreements and may not be modified except by an agreement in writing signed by the party or parties to be charged.

Further, as pointed out by the IAS Court, even if the agreement permitted oral modification, there is no evidence of any modification. The opposing affirmation from defendant Burnett's attorney is non-probative hearsay. No affidavit was submitted by defendant Burnett herself. Moreover, none of her affirmative defenses is supported by evidentiary facts that would require denial of plaintiff's summary judgment motion. Thus, the IAS Court was correct in finding that the consideration paid by defendant was $7,200, not $1,000,000, since no issue of fact was even raised by defendant in opposition to the motion and the documentary evidence supplied by plaintiff-movant.

However, the IAS Court should have gone one step further and found that Burnett's tender and POL's acceptance now require Burnett to return her POL shares to POL in return for the $7,200 (plus interest) consideration she paid for the shares, and ordered the specific performance of that act by defendant. Concur—Kupferman, J. P., Ross, Asch, Nardelli and Tom, JJ.